UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

APEX INDUSTRIAL LLC,

       **Plaintiff,**

v.

SCHAEFFLER GROUP USA INC.,

       **Defendant.**

**Demand for Jury Trial**

Case No. 2:26-cv-10765
Hon. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Apex Industrial LLC, ("Plaintiff" or "Apex"), by and through their attorneys, Boyle Fredrickson S.C. and Young Basile Hanlon & MacFarlane, P.C. as local counsel, hereby brings this Complaint for Patent Infringement against Defendant Schaeffler Group USA Inc. ("Defendant" or "Schaeffler") as follows:

### The Parties

1. Plaintiff is a Wisconsin registered limited liability company with its principal place of business at 991 Lantern Lane, Middleton, ID 83644.

2. On information and belief, Defendant is a corporation with a principal place of business at 308 Springhill Farm Road, Fort Mill, South Carolina 29715. Defendant also has two facilities in this District located at 69900 Powell Rd., Armada, MI 48005 and 1750 East Big Beaver Rd., Troy, MI 48083.

## Nature of the Action

3. In this action, Plaintiff seeks injunctive and monetary relief for acts of patent infringement arising out of the Patent Laws of the United States, 35 U.S.C. § 271 et at.

4. Plaintiff is the owner of all right, title, and interest, including the right to sue for past infringement, in U.S. Patent 12,173,800 ("the '800 patent") entitled *Through-Hardened Valve Seat for Hydraulic Fracturing,* issued on December 24, 2024, a true and correct copy of which is attached as Exhibit A.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1332(a)(1), and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as Defendant resides in this District. For example, Defendant has places of business at 69900 Powell Rd., Armada, MI 48005 and 1750 East Big Beaver Rd., Troy, MI 48083. Defendant has transacted business in Michigan and this District, has carried on a continuous and systematic part of its general business within Michigan, has had substantial, continuous, and systematic contacts with Michigan and this District, and has committed and/or will commit acts of patent infringement within Michigan and this District.

## Background of the '800 patent

7. Generally speaking, the '800 patent is directed to a method of forming a through-hardened valve seat that provides improved wear resistance.

## Count I – Infringement of the '800 Patent

8. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-7 above, as if fully set forth herein.

9. The '800 patent confers upon the Plaintiff the exclusive right to make, use, sell, and offer for sale the invention described therein.

10. Upon information and belief, Defendant makes, uses, sells, and/or offers to sell through-hardened valve seats, which constitutes direct infringement of at least claim 1 of the '800 patent, either literally or under the doctrine of equivalents.

11. Upon information and belief, Defendant implements a method to form valve seats for hydraulic fracking pumps wherein the method is performed within Defendant's facilities.

12. Upon information and belief, the valve seats manufactured by Defendant include a metal ring having a central axial bore and an upper header portion communicating with a coaxial lower alignment sleeve at a radially extending rim passing outward from an upper edge of the coaxial lower alignment sleeve to a lower edge of the upper header portion.

13. Upon information and belief, the valve seats manufactured by Defendant include an exposed upper face of the upper header portion that presents an inwardly downward bevel for receiving a valve plug.

14. Upon information and belief, the metal ring of the valve seats manufactured by Defendant are formed by a process of machining a high carbon alloy steel having a carbon content percentage of greater than 0.6 percent by weight and a chromium content percentage greater than 0.7 percent by weight in the metal ring, and then being formed by a process of through hardening by austempering to provide a through-hardened carbon alloy steel of substantially uniform composition to a depth of at least one-half inch from outer surfaces of the metal ring.

15. Accordingly, upon information and belief, Defendant's method to form valve seats for hydraulic fracking pumps literally contains each and every element of Claim 1 of the '800 patent, and therefore, Defendant's method is literally infringing Claim 1 of the '800 patent.

16. On May 30, 2025, Plaintiff sent a letter to Defendant advising Defendant of the '800 patent and requesting a response from Defendant as shown in Exhibit B. The FedEx tracking information, as shown in Exhibit C, indicates that the letter was delivered on June 2, 2025, thereby constituting actual notice of the '800 patent. Plaintiff did not receive a response to the letter from Defendant.

17. Upon information and belief, Defendant has known about the '800 patent since at least June 2, 2025 and has been and is willfully infringing the '800 patent by making, using, selling, and offering for sale its through-hardened valve seats manufactured by the infringing method without permission from Plaintiff.

18. As a result of Defendant's actual infringement, Plaintiff has suffered damages, and unless and until the actions of Defendant are enjoined, Plaintiff will continue to suffer damage.

19. Defendant's conduct shows a lack of the required duty to avoid infringement of the '800 patent such that this is an exceptional case; therefore, Plaintiff should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

20. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced damages for willful infringement of the '800 patent by Defendant, up to treble damages.

## Request for Relief

WHEREFORE, Plaintiff Apex Industrial LLC demands that judgment be entered in its favor and against Defendant Schaeffler Group USA, Inc. as follows:

A. Adjudge that Defendant has directly infringed the '800 patent;

B. Adjudge that Defendant's infringement has been willful and order that damages be trebled pursuant to 35 U.S.C. §284;

  C. Award Plaintiff its damages, together with prejudgment interest, caused by Defendant's infringement, including but not limited to a reasonable royalty, and enhanced damages for willful infringement;

  D. Declare this case exceptional and find that Plaintiff is entitled to recover its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. §285;

  E. Preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them, from infringing, contributorily infringing or inducing infringing of Plaintiff's patent;

  F. Enter an order requiring Defendant to offer up for destruction any and all remaining inventory of products made from the infringing method; and

  G. Grant such other and further relief as the Court may deem appropriate.

## Jury Demand

Plaintiff Apex Industrial LLC hereby demands a jury trial of all issues of fact not admitted by the Defendant Schaeffler Group USA, Inc.

Dated: March 6, 2026      */s/ Todd L. Moore*
              Todd L. Moore (P45472)
              Eddie D. Woodworth (P78705)
              Young Basile Hanlon & MacFarlane, P.C.
              3001 W. Big Beaver Rd., Ste. 624
              Troy, MI 48084
              (248) 649-3333 / (248) 649-3338 Fax
              *Local Counsel for Plaintiff*

                                      Michael T. Griggs (Admission Pending)
                                      Kamran Moos (Admission Pending)
                                      BOYLE FREDRICKSON, S.C.
                                      840 N. Plankinton Ave.
                                      Milwaukee, WI 53203
                                      (414) 225-9755 / (414) 225-9753 Fax
                                      *Lead Counsel for Plaintiff*